# LOEVY & LOEVY

**Chicago** 311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607
**Seattle** 100 S. King St. #100-748, Seattle, Washington 98104

May 25, 2021

*Via Electronic Delivery*
Hon. Derrick K. Watson
United States District Court
District of Hawaii
300 Ala Moana Blvd C-338
Honolulu, HI 96850
(808) 541-1300

    Re: Fatai v. City and County of Honolulu, et al., 1:19CV603

Dear Judge Watson:

    This letter makes two requests: (1) that Plaintiff's responses to Defendants motions to dismiss be deemed timely filed *instanter* and not disregarded or stricken; and (2) that Plaintiff be given leave to file a corrected version of the Second Amended Complaint.

    As to the first issue, currently pending are motions to dismiss the Second Amended Complaint filed by the City Defendants in this matter. *See* Dkt. 104, Dkt. 104.[1] This Court previously continued the date for the filing of Plaintiff's response to these motions to May 24, 2021, due to the death of the father of one of Plaintiff's counsel, Jennifer Brown. *See* Dkt. 111, 112. In addition, this matter is set for an in-person hearing on these motions June 18, 2021. Dkt. 112. Counsel appreciates the Court's accommodation of this issue and, with Plaintiff, appreciates the opportunity to address the Court on June 18th.

    Despite counsel's diligence, the motion to dismiss responses were ultimately several minutes after midnight on May 24, 2021. Dkt. 116, Dkt. 117. For the following reasons, Plaintiff respectfully requests these briefs be deemed timely filed *instanter*. First, counsel is still working

---

[1] This excludes Defendant Mark Kealoha has been served via Corporation Counsel but has yet to have counsel appear in the case.

without the benefit of Ms. Brown. Second, on the 24th the undersigned was part of an extensive mediation in *Horace Roberts v. County of Riverside, et. al.,* 19CV01877 (C.D. Cal.), which had been set before the continuance and adjustments to the schedule just described above had taken place. The *Roberts* mediation was due to end at 7:00 p.m. Hawaii time (though counsel anticipated it would likely much end earlier). Counsel anticipated there would be beyond sufficient time to finalize Plaintiff's responses in the (at least) five hours after the mediation. Unexpectedly, the mediation extended to an unprecedented length, overnight for many of the participants involved, and even beyond midnight Hawaii time. Third, even then, counsel still diligently worked to file the responses before midnight. However, technological difficulties with assembling the pdfs hampered matters. This included Adobe Acrobat completely freezing and being unresponsive for several minutes twice as the PDFs were generated and, separately, Adobe improperly failing to combine multiple pdfs into a single file. Counsel has filed hundreds of pdfs via ECF and has never experienced these sorts of issues with Adobe. As a result, per the email generated after the filing in the ECF system, one response was filed three minutes late (at 12:03), and the other 24 minutes late (at 12:24). Plaintiff understands this Court's deadlines are firm and to be followed; that requests for leave from a deadline should be filed before that deadline has lapsed; and that untimely filings can sometimes be ignored or stricken under LR 7.2. Counsel will ensure this does not happen again.

In this circumstance, given the short—though admittedly improper—lapse of time, the filing cannot be reasonably expected to prejudice the Defendants.[2] Nor is this motion filed for the purpose of prejudice or delay to any party. Indeed, Plaintiff anticipates and hopes the hearing will move forward on June 18, 2021, and counsel has already altered other work and travel obligations in light of the hearing date. In corresponding with Defense counsel, they have not sought an extension of time or continuance of the hearing either.

---

[2] Plaintiff corresponded with defense counsel to determine whether Defendants would oppose the request to treat the filings as timely filed *instanter*. Defendants did not provide an objection or position one way or the other, preferring to take a position after this letter is filed.

Accordingly, Plaintiff prays the responses not be disregarded or stricken but be fully considered and deemed filed *instanter*.

Second, Defendants motions pointed to a few typographical or editing errors in the Second Amended Complaint, including the spelling of Defendant Muraoka's last name a few times. And, in reviewing the document in preparing the responses, counsel discovered a couple more minor errors. Upon initially reviewing Defendants' motion, and because there are no local rules addressing errors (such as a praecipe, *see* Western District of Washington, LCR7(m)[3]), Plaintiff contacted the clerk's office about the best way, in their view, to address the typos. Plaintiff was informed that either an errata or a motion for leave to file a corrected document was the appropriate course.

Plaintiff now seeks this Court's leave to file a corrected version of the Second Amendment Complaint, a version of which is attached in track changes so that the changes can be readily seen. There are no substantive changes to the SAC. Wherefore, Plaintiff respectfully requests leave to file a corrected version of the SAC to be treated as the operative pleading going forward. *Cf.* Fed. R. Civ. P. 15.[4]

Respectfully submitted:

David B. Owens

---

[3] The rule provides: "Parties are expected to file accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record. In the event that an error is discovered, a party should file, as promptly as possible, a praecipe requesting that the court consider a corrected document, which must be filed with the praecipe." *Id.*

[4] Plaintiff inquired whether Defendants would oppose this motion, and circulated the corrected SAC with track changes as here. Defendants did not have time to evaluate the request before June 2, 2021, but indicated they would wait to evaluate a letter brief, if filed, to determine their position.