# Table of Contents

Page(s)

INTRODUCTION ..................................................................................................1

LAW.......................................................................................................................2

    I.     Scope of discovery ...........................................................................2

    II.    Sanctions ...........................................................................................4

RELEVANT BACKGROUND .............................................................................5

ANALYSIS ...........................................................................................................8

    I.     The interrogatories clearly are relevant.............................................8

    II.    Plaintiff's failure to respond to the City interrogatories 1–2, and Muraoka ROG 1–12, and then his incorporation by reference of the same objections (City interrogatories 3–7, Muraoka interrogatory 13) is improper and unacceptable...........................................................10

    III.   Plaintiff's response to City interrogatories 3–6, and Muraoka interrogatory 13, where Plaintiff incorporates by reference other interrogatory responses and the Complaint, is improper. ...................15

    IV.   The Court should order sanctions. .....................................................18

CONCLUSION ....................................................................................................20

# Table of Authorities

**Cases**                                                                    **Page(s)**

*Aros v. Fansler*,
  548 F. App'x 500 (9th Cir. 2013) ........................................................ 3

*Asea, Inc. v. S. Pac. Transp. Co.*,
  669 F.2d 1242 (9th Cir.1981) ............................................................. 3

*Barranco v. 3D Sys. Corp.*,
  No. 13-00412 LEK-RLP, 2018 U.S. Dist. LEXIS 139832 (D. Haw.
  June 15, 2018) ............................................................................... 19

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) .............................................................. 4

*Boston v. Clubcorp USA, Inc.*,
  No. CV 18-3746 PSG (SS), 2019 U.S. Dist. LEXIS 72975 (C.D. Cal.
  Mar. 11, 2019) ............................................................................... 10

*Bruser v. Bank of Haw.*,
  No. 14-00387 LEK-RLP, 2017 U.S. Dist. LEXIS 64330 (D. Haw.
  Apr. 27, 2017) ............................................................................... 19

*Bruser v. Bank of Haw.*,
  No. 14-00387 LEK-RLP, 2016 U.S. Dist. LEXIS 186236 (D. Haw.
  Oct. 31, 2016) ............................................................................... 19

*Continental Ill. Nat'l Bank & Trust Co. v. Caton*,
  136 F.R.D. 682 (D. Kan. 1991) ........................................................... 3

*Dodson v. Dollar Tree Stores, Inc.*,
  No. CIV S-04-1068 MCE CMK, 2005 U.S. Dist. LEXIS 40102 (E.D. Cal.
  June 8, 2005) ............................................................................... 4-5

*Gamino v. Kpc Healthcare Holdings*,
  No. 5:20-cv-01126-SB (SHKx), 2021 U.S. Dist. LEXIS 85706 (C.D. Cal.
  Apr. 14, 2021) ............................................................................... 9

*Green Crush, LLC v. Paradise Splash I, Inc.*,
  No. SACV 17-01856-CJC (JDEx), 2019 U.S. Dist. LEXIS 230749
  (C.D. Cal. Apr. 8, 2019) ........................................................ 8, 11, 17

*Grimes v. City and Cty. of S.F.*,
  951 F.2d 236–41 (9th Cir. 1991) ................................................... 5

*Haw. Def. Found. v. City & Cty. of Honolulu*,
  No. 12-00469 JMS-RLP, 2014 U.S. Dist. LEXIS 83871 (D. Haw.
  June 19, 2014) .......................................................................... 19

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ...................................................................... 3

*HTC Corp. v. Tech. Props. Ltd.*,
  No. C08-00882 JF (HRL), 2011 U.S. Dist. LEXIS 4531 (N.D. Cal.
  Jan. 12, 2011) ............................................................................. 9

*Kane v. City of Bainbridge Island*,
  No. C10-5731 RBL, 2011 U.S. Dist. LEXIS 51424 (W.D. Wash.
  May 13, 2011) ........................................................................... 14

*Kilgore v. Mandeville*,
  No. 2:07-cv-2485 GEB KJN P, 2010 U.S. Dist. LEXIS 69848 (E.D. Cal.
  June 18, 2010) ............................................................................. 2

*Kim v. Crocs, Inc.*,
  No. 16-00460 JMS KJM, 2017 U.S. Dist. LEXIS 231695 (D. Haw.
  Nov. 28, 2017) ......................................................................... 3, 4

*Lucero v. Valdez*,
  240 F.R.D. 591 (D.N.M. 2007) ............................................... 10, 13

*Luken v. Christensen Grp. Inc.*,
  No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131 (W.D. Wash.
  Nov. 15, 2017) ........................................................................... 13

*Masterson v. Killen*,
  No. 1:11-cv-01179-DAD-SAB-PC, 2015 U.S. Dist. LEXIS 166481
  (E.D. Cal. Dec. 11, 2015) ........................................................... 17

*McClellan v. Kern Cnty. Sheriff's Office*,
  No. 1:10-cv-0386-LJO-MJS (PC), 2015 U.S. Dist. LEXIS 98524
  (E.D. Cal. July 27, 2015) ..................................................................... 17

*Medlock v. Taco Bell Corp.*,
  No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 113828 (E.D. Cal.
  Aug. 15, 2014) ................................................................................... 12

*Miles v. Shanghai Zhenhua Port of Mach. Co.*,
  No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183 (W.D. Wash.
  Nov. 17, 2009) ................................................................................... 12

*New Flyer Indus. Can. ULC v. Rugby Aviation, LLC*,
  No. 2:18-CV-299-RSL, 2019 U.S. Dist. LEXIS 100230 (W.D. Wash.
  June 14, 2019) ................................................................................... 13

*O'Connor v. Boeing N. Am., Inc.*,
  185 F.R.D. 272 (C.D. Cal. 1999) ................................................... 9-10

*Pamcah-UA Local 675 Pension Fund v. Akua Air Conditioning L.L.C.*,
  Civil No. 19-00553, Civil No. 19-00553 LEK-RT, 2020 U.S. Dist. LEXIS
  91162 (D. Haw. Apr. 24, 2020) ........................................................ 19

*Peck v. Cnty. of Orange*,
  No. 2:19-cv-04654 DSF (AFMx), 2020 U.S. Dist. LEXIS 131814 (C.D. Cal.
  July 10, 2020) ..................................................................................... 9

*Sarnowski v. Peters*,
  No. 2:16-cv-00176-SU, 2017 U.S. Dist. LEXIS 166086 (D. Or. Oct. 6, 2017) . 4

*Solomon v. Sheldon*,
  No. 2:18-CV-3012-JAM-DMC-P, 2021 U.S. Dist. LEXIS 41116 (E.D. Cal.
  Mar. 4, 2021) ................................................................................. 17-18

*Tubbs v. Sacramento Cnty. Jail*,
  No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900
  (E.D. Cal. Mar. 28, 2008) ................................................................. 12

*United States ex rel. O'Connell v. Chapman Univ.*,
  245 F.R.D. 646 (C.D. Cal. 2007) .................................................. 9, 17

*United States v. Procter & Gamble Co.*,

    356 U.S. 677 (1958) ............................................................................... 3

*Voelker v. BNSF Ry. Co.*,

    No. CV 18-172-M-DLC, 2020 U.S. Dist. LEXIS 194330 (D. Mont. Oct. 20, 2020) .................................................................................................. 4

*Wilcox v. Changala*,

    No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471 (E.D. Wash. Jan. 18, 2012) ......................................................................................... 13-14

*Williams v. City of Long Beach*,

    No. CV 18-1069 AB (JCx), 2019 U.S. Dist. LEXIS 237584 (C.D. Cal. May 30, 2019) ........................................................................................ 9, 12

**Statutes**

42 U.S.C. § 1983 ..................................................................................... 6

**Rules**

FRCP Rule 11 ................................................................................... 10, 11

FRCP Rule 26 ........................................................................................ 2

FRCP Rule 33 ................................................................................... 2, 17

FRCP Rule 37 ................................................................................ 3, 4, 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SEFO FATAI, | CIVIL NO. CV 19-00603 DKW/WRP |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| CITY AND COUNTY OF HONOLULU; EDGAR NAMOCA; MARK RAMOS; FUMIKAZU MURAOKA; JOSHUA NAHULU; MARK KEALOHA; and BOYCE SUGAI, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

**INTRODUCTION**

Plaintiff sent many interrogatories to Defendants City and County of Honolulu ("City"), Mark Ramos, and Fumikazu Muraoka (collectively, "City Defendants") asking for every fact supporting claims and defenses, which Defendants answered.[1]  Despite Plaintiff having thousands of pages of discovery, having received discovery from Plaintiff's criminal attorneys, and purportedly having sat through multiple criminal trials, Plaintiff claims it is unduly burdensome

---

[1] City Defendants did not answer some interrogatories because Plaintiff was over the interrogatory limit, but City Defendants answered the interrogatories asking for facts. *See* Ex. F (*e.g.*, interrogatory no. 6, asking for the "entire factual basis" supporting each affirmative defense; interrogatory no. 10, asking for "complete factual basis" for probable cause).

1

to answer 20 interrogatories asking Plaintiff for the specific facts supporting specific allegations in Plaintiff's 278 paragraph, 58-page Second Amended Complaint ("SAC" or "Complaint").  Plaintiff also, instead of providing facts and evidence for his allegations, merely incorporates by reference his prolix Complaint.

Plaintiff should be ordered to answer the interrogatories "separately and fully" as required under FRCP Rule 33.

## LAW

### I.   Scope of discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b).  FRCP Rule 33(a).  A responding party must respond to interrogatories under oath and to the fullest extent possible. *Kilgore v. Mandeville*, No. 2:07-cv-2485 GEB KJN P, 2010 U.S. Dist. LEXIS 69848, at *32 (E.D. Cal. June 18, 2010).  Any objections must be stated with specificity. FRCP

2

33(b)(4). "The answers to interrogatories must be responsive, full, complete and unevasive." *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) (internal citation and quotation marks omitted).

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir.1981). The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. FRCP Rule 37(a)(1). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant. *Aros v. Fansler*, 548 F. App'x 500, 501 (9th Cir. 2013). A matter is relevant if it "reasonably could lead to other matter that could bear on, any issue that may be in the case." *Kim v. Crocs, Inc.*, No. 16-00460 JMS KJM, 2017 U.S. Dist. LEXIS 231695, at *9 (D. Haw. Nov. 28, 2017) (citation and quotation omitted). "In general, the party seeking to compel discovery must inform the court which discovery requests are the subject of the motion to compel, and, for each disputed request, inform the court why the information sought is relevant and why the

objections are not meritorious." *Sarnowski v. Peters*, No. 2:16-cv-00176-SU, 2017 U.S. Dist. LEXIS 166086, at *6 (D. Or. Oct. 6, 2017).

The discovery must also be proportional. "[B]oth parties share the responsibility of explaining their positions regarding the proportionality factors." *Kim v. Crocs, Inc.*, No. 16-00460 JMS KJM, 2017 U.S. Dist. LEXIS 231695, at *10 (D. Haw. Nov. 28, 2017).

Lastly, the opposing party is "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Voelker v. BNSF Ry. Co.*, No. CV 18-172-M-DLC, 2020 U.S. Dist. LEXIS 194330, at *5 (D. Mont. Oct. 20, 2020) ("[T]he party resisting discovery bears the burden of showing that nondisclosure is appropriate.").

## II.    Sanctions

If a party fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order. FRCP Rule 37(d)(1)(A)(i). Sanctions include striking pleadings, staying further proceedings, dismissing the action, rendering a default judgment, or ordering attorney's fees. FRCP 37(d)(3), FRCP 37(b)(2)(A)(i)–(vii).

Sanctions can also include excluding evidence from trial. *See, e.g.,* D*odson v. Dollar Tree Stores, Inc.,* No. CIV S-04-1068 MCE CMK, 2005 U.S. Dist.

LEXIS 40102, at *4 (E.D. Cal. June 8, 2005) (recommending that defendant who refused to answer discovery be precluded from introducing evidence at trial).

"Without adequate sanctions the procedure for discovery would be ineffectual." *Grimes v. City and Cty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991) (citation and internal quotation marks omitted).  "To that end, Rule 37 is flexible: The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." *Id.* at 241.

## RELEVANT BACKGROUND

The procedural history is laid out in the attached declaration of counsel. Plaintiff has had hundreds, if not thousands, of pages of discovery for a long time. Stanley Dec. ¶¶ 4-8.  Suffice it to say that Plaintiff had four criminal defense attorneys, received discovery via his attorneys in that criminal case, and sat through his trials and knows what Ramos and Muraoka testified to and said. Stanley Dec. ¶ 17.  Notably, the civil case was filed almost two years ago, ECF 1, and the Complaint is 278 paragraphs and 58 pages long, ECF 101.

City Defendants have filed three motions to dismiss.[2] *See* ECF 48, 49 (second round of motions to dismiss); ECF 99 (granting motion to dismiss with leave to amend); ECF 104, 105 (third round of motions to dismiss); ECF 127

---

[2] After the first round, Plaintiff chose to file an amended complaint. ECF 22.

(granting dismissal with prejudice of claims).  In response to City Defendants' third motion to dismiss, filed in April 2021, the Court declined to dismiss Plaintiff's § 1983 unlawful seizure claim where Plaintiff alleges Ramos and Muraoka seized *Plaintiff's* car. *See* ECF 127 at 19 ("Fatai alleges Defendants unlawfully seized his car").  The Court also did not dismiss Plaintiff's § 1983 *Tatum* claim, noting, however, that the alleged "exculpatory evidence [w]as hardly comparable to the evidence withheld in *Tatum*[,]'" *id.* at 22, and that Plaintiff would bear the "burden of demonstrating with specificity which allegedly exculpatory facts were withheld and how they caused harm." *Id.* n.13.

As to the § 1983 *Deveraux* claim, the Court let the claim proceed because Plaintiff had alleged, in general terms, that Ramos and Muraoka fabricated the criminal investigation details. *Id.* at 23 citing SAC ¶ 105 (claiming reports by Ramos and Muraoka contain inconsistencies and contradictions), ¶ 123 (claiming officers put false information into probable cause affidavits and omitted information that would have illustrated the absence of probable cause), ¶ 124 (discussing Ramos report), ¶ 148 (claiming Ramos and Muraoka failed to disclose the entirety of their tactics with Medford), ¶ 149 (claiming that had Ramos and Muraoka revealed their lies, Plaintiff would never had been charged).  Plaintiff failed to allege what information was false, or wrong, or what each officer failed to disclose. *See generally* SAC.

6

Subsequently, on September 2, 2021, Muraoka and the City sent interrogatories to Plaintiff asking for evidence supporting certain allegations Plaintiff made in his Complaint. Ex. E.  The City asked, in pertinent part, for evidence (1) that Ramos made fabrications or nondisclosures, and what they were (City ROG 1-3, 5), (2) that Muraoka made fabrications or nondisclosures, and what they were (City ROG 1-2, 4, 6), and (3) for evidence supporting Plaintiff's allegation that Plaintiff was deprived of property and items belonging to him (City ROG 7).  As to Muraoka, the interrogatories ask plain questions: give the evidence that supports that Muraoka (1) illegally seized Plaintiff's property (Muraoka ROG 1 and 2), (2) caused emotional distress (Muraoka ROG 3), (3) acted with malice and an improper purpose (Muraoka ROG 4), (3) conspired against him (Muraoka ROG 5-8, 13), (4) maliciously prosecuted him resulting in his detention (Muraoka ROG 9-12).  In other words, tell Defendants what Ramos and Muraoka did wrong—what they failed to disclose or conceal and what was allegedly exculpatory, etc.

Plaintiff failed to answer City's interrogatories 1 and 2 (and in part 7), and Muraoka interrogatory 1–12, instead saying the interrogatories were an "abuse of the discovery process" to ask for information *before* Ramos, Muraoka, and other offices sat for depositions and *before* "fulsome discovery" has been produced. *See* EX. G and H.  Plaintiff responded to City interrogatories 3–6, and Muraoka

interrogatory 13, by incorporating by reference the SAC. *Id.* Plaintiff's refusal to answer the above mentioned interrogatories is improper and should be sanctioned.

## ANALYSIS

The interrogatories in dispute are (1) Plaintiff's Response to City interrogatories 1–7, and (2) Plaintiff's response to all Muraoka interrogatories 1–13.

## I.   The interrogatories clearly are relevant.

Plaintiff does not dispute that the interrogatories are relevant—they are.[3] *See generally Green Crush, LLC v. Paradise Splash I, Inc.*, No. SACV 17-01856-CJC

---

[3] Plaintiff refers to the interrogatories as contention interrogatories:

> [T]he phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate *what* it contends. Some people would define contention interrogatories as embracing only questions that ask another party *whether* it makes some specified contention. Interrogatories of this kind typically would begin with the phrase 'Do you contend that . . . .' Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the *facts* on which it *bases* some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the *evidence* on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the *law applies to facts*. A variation on this theme involves interrogatories that ask parties to spell out the *legal* basis for, or theory behind, some specified contention.

(JDEx), 2019 U.S. Dist. LEXIS 230749, at *6 (C.D. Cal. Apr. 8, 2019) (noting interrogatories are relevant and may be the most cost effective method of obtaining discovery); *Williams v. City of Long Beach*, No. CV 18-1069 AB(JCx), 2019 U.S. Dist. LEXIS 237584, at *12 (C.D. Cal. May 30, 2019) ("The contention Interrogatories in Issue appear to call for relevant information and do not appear to the Court to be unduly burdensome."); *Peck v. Cnty. of Orange*, No. 2:19-cv-04654 DSF (AFMx), 2020 U.S. Dist. LEXIS 131814, at *19 (C.D. Cal. July 10, 2020) (contention interrogatories asked for "clearly relevant information," and "there is no bar to asking contention interrogatories during fact discovery").

Plaintiff does not dispute that the interrogatories are acceptable and permissible[4]; if he did, he would be mistaken. *See generally United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (contention interrogatories are permissible and acceptable, and granting motion to compel answer to interrogatories, and awarding attorneys' fees); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (granting in part motion to compel

---

*HTC Corp. v. Tech. Props. Ltd.*, No. C08-00882 JF (HRL), 2011 U.S. Dist. LEXIS 4531, at *3 n.2 (N.D. Cal. Jan. 12, 2011) (citation and quotation omitted).  It is irrelevant whether the Court labels them as contention interrogatories or not. *Gamino v. Kpc Healthcare Holdings*, No. 5:20-cv-01126-SB (SHKx), 2021 U.S. Dist. LEXIS 85706, at *11 (C.D. Cal. Apr. 14, 2021) ("Whether contention interrogatories are appropriate is appropriately addressed on a case-by-case and interrogatory-by-interrogatory basis.").  Moreover, City interrogatories 3–7 do not track any allegation in the complaint, but merely ask for facts and evidence.

[4] In an email, Plaintiff specifically indicated that he has no problem with these interrogatories in general. *See* Ex. I.

to answer contention interrogatories when the plaintiffs did not answer); *Boston v. Clubcorp USA, Inc*., No. CV 18-3746 PSG (SS), 2019 U.S. Dist. LEXIS 72975, at *19 (C.D. Cal. Mar. 11, 2019).   "Requiring a party to answer contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint." *Id.* (citation and quotation omitted).   Indeed, contention interrogatories have "important benefits [such as] clarifying and narrowing the issues in litigation as early as possible[.]" *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

## II.     Plaintiff's failure to respond to the City interrogatories 1–2, and Muraoka ROG 1–12, and then his incorporation by reference of the same objections (City interrogatories 3–7, Muraoka interrogatory 13) is improper and unacceptable

Plaintiff contends the City's and Muraoka's interrogatories are unduly burdensome because they ask for facts supporting Plaintiff's allegations before Plaintiff takes depositions.   Plaintiff claims the interrogatories are an abuse of the discovery process because Plaintiff must identify facts before depositions or discovery has been produced. *See* Ex. G, H.

Plaintiff's objections lack merit; Plaintiff himself sent similar types of interrogatories to Defendants. *See* EX. F.   Moreover, Rule 11 requires Plaintiff to have some basis for making allegations in a complaint: certainly asking for the facts supporting specific allegations, that Plaintiff had to have a good faith basis

for making, need not be delayed until after deposition. *See Green Crush*, 2019 U.S. Dist. LEXIS 230749, at *6 ("Requiring an answer to straightforward factual contention interrogatories is consistent with Rule 11, which requires the plaintiff to have some factual basis for the allegations in its complaint.")

Equally meritless is Plaintiff's claim that he need not respond to City Defendants' interrogatories before "fulsome written discovery has been produced." *See* Ex. G, H.   As explained in the declaration of counsel, Plaintiff has had hundreds of pages of documents—from the City Defendants, his criminal defense attorneys, and from his civil attorneys—for a long time:

> [The] contention Interrogatories in Issue appear to call for relevant information and do not appear to the Court to be unduly burdensome. Even if defendants are already in possession of at least some of the factual information responsive to the contention Interrogatories in Issue, possession of certain facts is not equivalent to knowing that plaintiffs base their contentions on such facts. The Court recognizes that discovery is ongoing and that plaintiffs may currently and legitimately be unable to provide complete responses to all of the contention Interrogatories in Issue at this juncture. *However, even though the current non-expert discovery cut-off is approximately five months away, the Court would not characterize these proceedings as being at an "early stage." As noted above, this action was filed on February 7, 2018. Defendants, at this juncture, are entitled to know the basis of, and information regarding plaintiffs' contentions on the matters that are the subjects of the contention Interrogatories in Issue while discovery is ongoing so that they may appropriately focus and conduct any further discovery in a timely fashion.* Accordingly, except to the extent otherwise indicated below, plaintiffs must respond to the contention Interrogatories in Issue with all responsive information currently in their possession, custody or control after making a reasonable inquiry for the same. To the extent plaintiffs subsequently come into the possession, custody or control of additional information

11

> responsive to the contention (and other) Interrogatories in Issue they
> can (and must) supplement their responses at that juncture.

*Williams*, 2019 U.S. Dist. LEXIS 237584, at *12–13 (emphasis added).

Moreover, Plaintiff's case law is inapposite because, in most of the cases cited, a party *actually answered* interrogatories, but the opposing party was unhappy with the answer. Here, Plaintiff failed completely to answer City interrogatories 1–2 and Muraoka interrogatories 1–12.  Even in the cases Plaintiff cited, the Court still, for the most part, granted the motion to compel responses to the interrogatories. *See Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *3–4 (E.D. Cal. Aug. 15, 2014) (plaintiff answered interrogatories, court still granted motion to compel, requiring the plaintiff to answer interrogatories by referring to documents); *Miles v. Shanghai Zhenhua Port of Mach.* Co., No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009) (plaintiff answered interrogatories, but the interrogatories were extremely broad—identify all facts which support or pertain to liability); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *3–4 (E.D. Cal. Mar. 28, 2008) (same, and still granting the motion to compel, noting, "If an interrogatory is specific and calls for facts related to a specific factual assertion, *e.g.*, each and every fact demonstrating that the cell phone was in use, the response must be correspondingly more specific, and facts related to use of the cell phone, *e.g.*, a summary of phone records, an eyewitness

observation would have to be disclosed."); *Lucero v. Valdez*, 240 F.R.D. 591, 593–94 (D.N.M. 2007) (granting the defendants' motion to compel, and requiring the plaintiff to answer contention interrogatories); *New Flyer Indus. Can. ULC v. Rugby Aviation, LLC,* No. 2:18-CV-299-RSL, 2019 U.S. Dist. LEXIS 100230, at *12–13 (W.D. Wash. June 14, 2019) (the defendant answered by referring to a document, and the court required the defendant to supplement answers).  The two cases where the court denied the motion to compel were based on facts wholly different from those here. *See Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *5 (W.D. Wash. Nov. 15, 2017) (denying motion to compel as discovery was not proportional: the plaintiffs' 47 pages of interrogatories asked for "all material facts" supporting a claim, a single interrogatory was seventeen subparts and was 4 typed page, and the plaintiff had received eight terabytes of data (90,000 pages) and had admittedly not gone through them); *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *3 (E.D. Wash. Jan. 18, 2012) (each interrogatory was "rambling grouping of several component parts", was 127 words, asking for, example: "every fact, including all evidence of and every witness to each particular fact you identify, upon which you base your claims, as you allege in your complaint, that . . . Defendant . . . enlisted the help of JC Shah to institute legal proceedings against T.R.W., without probable cause, and to provide false testimony against him in

felony criminal proceedings, and that Defendant Shah encouraged, acted jointly, aided and abetted, and conspired with each other in initiating pursuit. . . .",  which constituted thirteen discreet subparts; nevertheless the plaintiff appeared to have answered them).

Moreover, contention interrogatories, if that is what these interrogatories are, *see supra,* at footnote 3, "can be necessary when Plaintiff fails to set forth a 'short and plain statement' of the claim for relief." *Kane v. City of Bainbridge Island*, No. C10-5731 RBL, 2011 U.S. Dist. LEXIS 51424, at *10–11 (W.D. Wash. May 13, 2011).  Here, despite a voluminous, 278-paragraph Complaint, Plaintiff fails to explain what Ramos or Muraoka did wrong.  Muraoka was not even present when Plaintiff's vehicle was seized, or when Plaintiff was arrested, and Muraoka did not write a probable cause affidavit; *yet Plaintiff somehow thinks Muraoka is liable for illegally seizing his vehicle and prosecuting him. See generally* SAC Count II, Count X.  Plaintiff should explain why.  As *Kane* noted, when presented with a similar prolix complaint, "In the end, each side will reap what is sown.  The seeds of this discovery dispute appear to have been planted with Plaintiff's unwieldy complaint." *Id.*

The fact that Plaintiff refuses to answer interrogatories, while proceeding to take depositions in less than a week, leaves City Defendants still unclear as to what City Defendants purportedly did wrong and gives the impression that Plaintiff is

14

engaging in gamesmanship.   Thus, Plaintiff should be required to answer the interrogatories.

**III.   Plaintiff's response to City interrogatories 3–6, and Muraoka interrogatory 13, where Plaintiff incorporates by reference other interrogatory responses and the Complaint, is improper.**

The City integratory 3, and Plaintiff's response, is as follows:

Identify, in the manner described in 10 of the definitions, the specific fabrications and/or lies you claim Defendant Ramos made, and the context in which he made them, and when he made the fabrications and/or lies.

Response: See Plaintiffs Response to Interrogatory No. 1, which is incorporated by reference. In further answering, Plaintiff objects to this interrogatory to the extent that it seeks information held by Defendants and undisclosed—to this day—to Plaintiff. Subject to and without waiving any objection, Plaintiff states that the Second Amended Complaint already identifies many of these fabrications and lies, and the nature of the evidence that Defendants have withheld, which includes their own misconduct, the fact they fabricated evidence, information that they knew Plaintiff was innocent, other exculpatory evidence (like the Crystal Light bottle Defendants destroyed), and is incorporated by reference. Plaintiff reserves the right to supplement this response as discovery proceeds. *Investigation Continues.*

Ex. G.  Plaintiff incorporated by reference this answer to City interrogatories 4–6.

*Id.*

Similarly, Muraoka interrogatory 13, and Plaintiff's response, is as follows:

13.Identify, in the manner described in paragraph 10 of the definitions, who defendant Muraoka conspired with, when an agreement was reached with that person(s), when he conspired with that person(s), the object of the conspiracy, and any overt act taken in furtherance of that conspiracy.

> ANSWER: See Plaintiffs responses to Interrogatories No. 1 and 2 above, which are incorporated by reference. In further answering, Plaintiff contends that Defendant Muraoka entered an agreement with Defendant Ramos to prosecute Plaintiff for drug crimes that he knew Plaintiff did not commit. In support of that conspiracy, Defendant Muraoka agreed to fabricate and suppress evidence, wrote reports and destroyed evidence (including a crystal light box), and took a number of other acts still unknown— and undisclosed—to Plaintiff. In further answering, Plaintiff states that the Second Amended Complaint lays out the nature, timing, and scope of the conspiracy at issue and is incorporated by reference. Plaintiff reserves the right to supplement this request as discovery proceeds. Investigation Continues.

Ex. H.  This is improper.  Plaintiff cannot incorporate by reference the Complaint.

The Complaint is not evidence, or fact (which the interrogatories ask for); it is

mere allegation.   Plaintiff needs to identify *facts and evidence*, not Plaintiff's

unsupported hypotheticals.  When confronted with similar situations, other district

courts have noted that such responses were deficient and granted a motion to

compel:

> Rather than answering these interrogatories with specific facts supporting these allegations, Plaintiff merely recites the same allegations in the operative SAC, without providing any specific, responsive information. For instance, Rozenberg's Interrogatory No. 9 sought all facts supporting Plaintiff's contention in paragraph 19 of the SAC that "at all times herein mentioned, Defendants ROZENBERG, MILEO, and SPLASH have commingled corporate funds and other assets with personal funds and other assets for ROZENBERG'S own convenience and to assist in evading the payment of obligations." Jt. Stip. at 39. In response, Plaintiff reasserts its allegations in the SAC, including the very allegation identified in Interrogatory No. 9. *Id.* at 39-40. Defendants' interrogatories seek factual information, not contentions or legal arguments. Plaintiff's recitation of its SAC without providing any substantive information is inadequate.  *See*

16

> *McClellan v. Kern Cty. Sheriff's Office*, 2015 U.S. Dist. LEXIS 98524, . . . , at *4 (E.D. Cal. July 28, 2015) (explaining that references to statements in a complaint are problematic because such statements are mere allegations).

*Green Crush,* 2019 U.S. Dist. LEXIS 230749, at *5–6.

Indeed, FRCP Rule 33 requires an interrogatory to be answered separately and fully. *Chapman University*, 245 F.R.D. at 650 ("[A]n interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories."). It is well established that "references to statements in a complaint are also problematic because such statements are mere allegations; an interrogatory response, by contrast, contains facts that Plaintiff has verified under penalty of perjury are true and correct to the best of his knowledge." *McClellan v. Kern Cnty. Sheriff's Office*, No. 1:10-cv-0386-LJO-MJS (PC), 2015 U.S. Dist. LEXIS 98524, at *9 (E.D. Cal. July 27, 2015) (granting motion to compel when the plaintiff merely responded by interrogatories by referring to the complaint). Many motions to compel have been granted on this basis. *See id.; Masterson v. Killen*, No. 1:11-cv-01179-DAD-SAB-PC, 2015 U.S. Dist. LEXIS 166481, at *11 (E.D. Cal. Dec. 11, 2015) ("Plaintiff's reference to the allegations of the Third Amended Complaint is inappropriate. Plaintiff is required to provide an answer to the interrogatory that is complete in itself and should not refer to pleadings, or to depositions or other documents, or to other interrogatories"); *Solomon v. Sheldon*, No. 2:18-CV-3012-JAM-DMC-P, 2021 U.S. Dist. LEXIS

17

41116, at *18–19 (E.D. Cal. Mar. 4, 2021) (in response to the interrogatory asking the plaintiff to "state all facts which support your contention that officer Jonathan Sheldon acted in retaliation against you," the plaintiff referred to the complaint; the Court ruled, "Plaintiff's reference to the allegations in his complaint is non-responsive. In further supplemental responses, Plaintiff shall identify all facts, including those which support the allegations in the complaint, or which are not specifically alleged in the complaint, which form the basis of his claim that Defendant Sheldon acted in retaliation.").

Accordingly, the Court should order Plaintiff to answer these interrogatories with facts and evidence and not incorporate by reference any other pleading.

## IV.    The Court should order sanctions.

Pursuant to FRCP 26(c)(3) and 37(a)(5), if the Court grants this Motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The following award of $2,600.00 in attorney's fees is requested:

| Date | Task | Time | Hourly rate | Total |
|------|------|------|-------------|-------|
| 10/7/2021 | Research law regarding interrogatories | 3.0 hours | $200.00 | $600.00 |
| 10/17/2021-10/18/2021 | Draft motion to compel and | 7.0 | $200.00 | $1,400.00 |

| | declaration | | | |
|---|---|---|---|---|
| 10/19/2021 | Draft and revise motion to compel, exhibits, and declaration | 3.0 | $200.00 | $600.00 |

I have spent approximately twelve hours on the foregoing, excluding the time communing with counsel (via email and phone), and excluding further editing that took place on October 20 and 21. I have over ten years of experience practicing law in Hawaii, having been admitted to the Hawaii bar on in 2009, and $200.00 per hour is a reasonable rate for my services. *See* Stanley Dec. ¶ 14; *Pamcah-UA Local 675 Pension Fund v. Akua Air Conditioning L.L.C.*, Civil No. 19-00553, Civil No. 19-00553 LEK-RT, 2020 U.S. Dist. LEXIS 91162 (D. Haw. Apr. 24, 2020) (awarding a reasonable hourly rate of $225 to an attorney with five years of experience); *Bruser v. Bank of Haw.*, No. 14-00387 LEK-RLP, 2016 U.S. Dist. LEXIS 186236, at *15 (D. Haw. Oct. 31, 2016) adopted by, 2017 U.S. Dist. LEXIS 64330 (D. Haw. Apr. 27, 2017) (finding that $210 per hour was a reasonable rate for an attorney with ten years of experience); *Barranco v. 3D Sys. Corp*. No. 13-00412 LEK-RLP, 2018 U.S. Dist. LEXIS 139832, at *11 (D. Haw. June 15, 2018) (reasonable rate of $195 for an attorney with eight years of experience); *Haw. Def. Found. v. City & Cty. of Honolulu*, No. 12-00469 JMS-RLP, 2014 U.S. Dist. LEXIS 83871, at *20 (D. Haw. June 19, 2014) (reasonable rate for attorney with 7.5 years' experience is $200).

## CONCLUSION

City Defendants respectfully request that the Motion be granted.

DATED:  Honolulu, Hawai'i, October 22, 2021.

DANA M.O. VIOLA
Corporation Counsel

By:  /s/ Audrey L.E. Stanley
     STEPHEN D. ATWELL
     AUDREY L.E. STANLEY
     Deputies Corporation Counsel

     Attorneys for Defendants
     CITY AND COUNTY OF HONOLULU,
     MARK RAMOS, and
     FUMIKAZU MURAOKA