IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEFO FATAI,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>           Defendants. | Case No. 19-cv-603-DKW-WRP<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Hawai'i Revised Statutes ("HRS") § 46-72 requires that a plaintiff provide written notice to the County before the plaintiff may recover against the County on state law claims. The City and County of Honolulu and Honolulu Police Officers Mark Ramos and Fumukazu Muraoka (as sued in their official capacities) (collectively, the "County Defendants") seek dismissal of Plaintiff Sefo Fatai's state law claims for failure to provide the requisite pre-suit notice under HRS § 46-72. Here, it is undisputed that Fatai provided no pre-suit notice of any kind to any Defendant. But Fatai nonetheless argues that his *initial complaint* in this case, which *included only federal law claims against the County* (state law claims were later added by amendment), satisfies his Section 46-72 notice obligations.

1

The Court disagrees with Fatai. Initiation of a lawsuit—whether or not it includes state law claims—cannot serve as notice under HRS § 46-72. Thus, because Fatai provided no notice to the County or any other Defendant prior to initiating his lawsuit, his state law claims are barred and are dismissed with prejudice.[1]

## LEGAL STANDARD

### I. Summary Judgment

A court must grant a motion for summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

### II. HRS § 46-72

No county may be held liable for damages to a person unless that person first gives "notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of

---

[1] This Order applies to Fatai's state law claims against Ramos and Muraoka in their official capacities because those claims represent claims against the County. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that such suits should "be treated as . . . against the entity"). This Order does not affect any individual capacity claims against Ramos or Muraoka, the only remaining individual defendants.

the injuries or damages, and the amount claimed." HRS § 46-72.[2] Such written notice must be provided to the county within two years after the injuries accrued. *Id.*

# RELEVANT PROCEDURAL BACKGROUND AND UNDISPUTED MATERIAL FACTS

On December 17, 2019, Fatai filed his original Complaint, alleging, among other things, various federal law claims against the County Defendants. Dkt. No. 1.[3] The deadline for Fatai to comply with HRS § 46-72's notice requirement was

---

[2]HRS § 46-72 provides, in full:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Section 13-111 of the Revised Charter of the City and County of Honolulu similarly provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence of any official or employee of the city unless a written statement, stating fully when, where and how the injuries occurred, the extent thereof and the amount claimed therefor, has been filed with the corporation counsel within six months after the date the injury was sustained.

Although the Charter references a six-month time limit, the Hawai'i Supreme Court has clarified that the two-year statute of limitations in HRS § 46-72 controls. *Silva v. City and Cnty. of Honolulu*, 165 P.2d 247, 260 (Haw. 2007).

[3]The facts underlying Fatai's claims that the County Defendants conspired to falsely arrest and prosecute him for crimes he did not commit have been documented in this Court's previous Orders and do not need to be repeated here. *See* Dkt. Nos. 99, 127.

January 11, 2020.  *See* Dkt. No. 99 at 38.  On September 14, 2020 and April 7, 2021, respectively, Fatai filed his First Amended Complaint ("FAC"), Dkt. No. 44, and Second Amended Complaint ("SAC"), Dkt. No. 101.  These amended complaints for the first time alleged state law claims, including Counts VII (IIED), VIII (NIED), IX (civil conspiracy), X (malicious prosecution), and XI (abuse of process), against Ramos and Muraoka in their official capacities, and Count XII (*respondeat superior*) against the City and County of Honolulu.  *See* Dkt. No. 101 at ¶¶ 6, 257–78.[4]

On October 19, 2020 and April 21, 2021, after Fatai filed the FAC and SAC, the County Defendants filed motions to dismiss these state law claims for lack of notice under HRS § 46-72.  Dkt. Nos. 48–49, 104–105.  The Court twice denied these motions on procedural grounds, finding the issue was prematurely raised and should be adjudicated on summary judgment because it required consideration of evidence beyond the pleadings.  Court's Order on the First Motion to Dismiss ("March Order"), Dkt. No. 99 at 42; Court's Order on the Second Motion to Dismiss ("July Order"), Dkt. No. 127 at 38.  In doing so, however, the Court also noted that the claims would likely be dismissed on summary judgment without

---

[4]HRS § 46-72 applies to claims against the County premised on a theory of vicarious liability.  *See, e.g.*, *Kaulia v. Cnty. of Maui*, 504 F. Supp. 2d 969, 997 (D. Haw. 2007).  It also applies to both negligent and intentional torts.  *See Nakakura v. City & Cnty. of Honolulu*, 2020 WL 1963786 (D. Haw. Apr. 23, 2020) at *3–4 and *4 n.2 (providing reasoning and collecting case law).  Fatai disputes neither point.

4

additional facts that Plaintiff had never alleged.  July Order at 9, 40–41 ("Fatai is, **no doubt**, wasting the parties' and this Court's time in failing to either (1) credibly allege he provided notice to the County consistent with H.R.S. § 46-72 or (2) stipulate that he did not do so . . . .").

The County Defendants then conducted discovery, requesting that Fatai either provide documentation of compliance with the written notice requirement or stipulate that he did not comply.  *See* Dkt. No. 167-2 ¶ 6; Dkt. No. 167-3 at 2; Dkt. No. 177 at 2.  Fatai refused, arguing that the request called for a legal interpretation of the phrase "written notice."  Dkt. No. 167-3 at 2.

On October 26, 2021, the County Defendants filed the instant Motion seeking summary judgment on the state law claims (Counts VII–XII) for failure to comply with HRS § 46-72.  Dkt. No. 166.  The Motion has been fully briefed, *see* Dkt. Nos. 166–167, 176–177, 181–182, and this Order follows.

## DISCUSSION

**I.     Fatai's original Complaint does not satisfy HRS § 46-72.**

The parties agree that, prior to filing the original Complaint, Fatai did not provide the County with any written statement that might have satisfied HRS § 46-72.  Declaration of Tammy Chee, Dkt. No. 167-1 ¶ 4; *see generally* Dkt. No. 176-1.  Thus, the question is whether the original Complaint (the "Complaint") served as the requisite notice.

The County Defendants argue that HRS § 46-72 requires a plaintiff to provide written notice to the County *prior to* filing any lawsuit against the County that seeks to assert state law claims.  Dkt. No. 181 at 7.

For his part, Fatai concedes that a complaint that itself contains the disputed state law claims cannot satisfy HRS § 46-72.  Dkt. No. 176-1 at 5 ("Plaintiff registers no disagreement with this Court or [the County Defendants] that an initial Complaint that contains state law claims does not itself serve as the written notice as required by HRS § 46-72.").  But he contends that a complaint that is premised *only on federal law claims* can satisfy HRS § 46-72 by putting the County on notice of *potential* related state law claims against it, prior to the filing of those state law claims.  Thus, he argues that his original Complaint—for which the County returned waiver of service on December 19, 2019, before the January 2020 deadline, *see* Dkt. No. 9—satisfied HRS § 46-72 because it contained only federal law claims and put the County on notice of the related state law claims later asserted in the FAC and SAC.  *Id.* at 5.

Fatai's assertion makes little sense.  How a complaint that *contains* state law claims can admittedly fail to put the County on proper notice of those claims within the meaning of Section 46-72, yet a complaint that contains only federal law claims somehow manages to comply is lost on the Court.  The Court agrees with

6

the County Defendants that a complaint—with or without state law claims—cannot satisfy HRS § 46-72.

As courts in the District of Hawai'i have repeatedly held, "[w]hen a plaintiff fails to provide any written notice prior to serving the complaint and summons, state law claims may not proceed against the County." *See, e.g.*, *Lerette v. City & Cnty. of Haw.*, 2020 WL 5735125 at *4, (D. Haw. Sept. 24, 2020). The Court explained why in its March Order:

> "The purpose of protecting the public fisc from fraudulent claims justifies the imposition on victims of governmental torts a more onerous requirement of prompt notice of claims than on victims of private torts." *Salavea v. City & Cnty. of Honolulu*, 517 P.2d 51, 56 (Haw. 1973) (Levinson, J., concurring in part), *overruled on other grounds by Kahale v. City & Cnty. of Honolulu*, 90 P.3d 233 (Haw. 2004). Finding a complaint sufficient to satisfy HRS § 46-72's notice requirement would undermine this purpose and equally undermine a second purpose behind the statute—affording the governmental agency an opportunity to resolve a claim before incurring the time and expense of litigation.
>
> Further, the general torts statute requires a would-be plaintiff to initiate a suit no later than two years after a claim accrues. Haw. Rev. Stat. § 657-7. HRS § 46-72 imposes an *additional* notification requirement on a would-be plaintiff alleging a governmental tort. If the Court allowed a complaint to serve as notice to the County, it would necessarily dispose of this additional requirement and collapse the two statutes into one. The Court declines to do so.

Dkt. No. 99 at 43–44.

Fatai's attempt to distinguish his federal law Complaint from state law complaints is unpersuasive. The principal purpose of HRS § 46-72 is to notify the

7

County of state law allegations against it prior to the initiation of litigation.  Doing so enables the County to conduct a prompt investigation and to potentially resolve such claims short of litigation based on that investigation.  If a complaint that explicitly notifies the County of state law claims is not sufficient, as Fatai concedes, one that does so covertly is no better.[5]

## II.   Even if a complaint could satisfy HRS § 46-72, the Complaint here was insufficient because it did not state the amount claimed.

As stated above, notice under HRS § 46-72 must state fully (1) "when, where, and how the injuries or damage occurred," (2) "the extent of the injuries or damage," and (3) "the amount claimed."

Fatai's Complaint provided the first two elements by detailing his arrest, prosecution, incarceration, property seizure, and resulting injuries.  But it did not provide the third element, the "amount claimed."  Instead, it stated only that he was seeking general and special damages, as well as fees and costs reimbursement, in amounts to be proven at trial.  Dkt. No. 1 at 33–34.

---

[5]Fatai argues in the alternative that whether his Complaint constituted notice under HRS § 46-72 is a question of fact that should be reserved for the jury.  Dkt. No. 176-1 at 8.  On the contrary, where, as here, the material facts are undisputed, questions of pre-suit notice are routinely and properly decided as a matter of law on pre-trial motions.  *See* Fed. R. Civ. P. 56(a); *Lerette*, 2020 WL 5735125 at *4; *Burton v. City & Cnty. of Haw.*, 2020 WL 5735128 at *5–6 (D. Haw. Sept. 24, 2020); *Nakakura*, 2020 WL 1963786 at *3–4; *Nakamoto v. Cnty. of Haw.*, 2018 WL 2750224 at *3 (D. Haw. June 7, 2018); *Harris v. Cnty. of Haw.*, 2017 WL 5163231 at *2 (D. Haw. Nov. 7, 2017); *Kaulia*, 504 F. Supp. 2d at 997.

Fatai argues this is sufficient, *see* Dkt. No. 176-1 at 17, 20 n.3, citing to the Hawai'i Supreme Court's holdings in *Oakley v. State*, 505 P.2d 1182, 1186 (Haw. 1973) that HRS § 46-72 should be liberally construed, and that substantial compliance with the "when, where, and how" element of the statute suffices, so long as the County does not show it was prejudiced or misled by the quality of the notice.[6]

The Court disagrees with Fatai and holds that the Complaint's generalized request for damages and fees does not satisfy HRS § 46-72. As this Court held in *Guzman v. Cnty. of Maui*, 2021 WL 4597656 at *5 n.9 (D. Haw. Oct. 6, 2021), *Oakley* only "concerned the 'when, where, and how' portion" of HRS § 46-72. It "did not permit a claimant to entirely ignore parts of the statute requiring . . . the amount claimed to be stated." *Id.* HRS § 46-72 requires a plaintiff to state the amount claimed. Describing the categories of recovery sought, as Fatai does, does not state the "amount" claimed. Quite the opposite. Thus, even if a complaint could satisfy HRS § 46-72, Fatai's Complaint does not.

## **CONCLUSION**

Consistent with the foregoing, the Court GRANTS the County Defendants' motion for partial summary judgment and dismisses with prejudice Counts VII–

---

[6] Fatai also cites to another District of Hawai'i case, *Surnow v. Buddemeyer*, 379 F. Supp. 3d 1086, 1090–91 (D. Haw. 2019), which held that a letter satisfied HRS § 46-72 even though the letter "did not ask for a specific dollar amount in damages" because the County suffered no prejudice and was not misled "due to any inadequacies" in the letter.

XII of the SAC, Dkt. No. 101, as against the City and County of Honolulu and Ramos and Muraoka in their official capacities.[7]

IT IS SO ORDERED.

DATED: January 3, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[7] Counts II, III, and VII–XII of the SAC survived the July Order. Dkt. No. 127 at 42.