IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SEFO FATAI,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>   Defendants. | Case No. 19-cv-00603-DKW-WRP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REINSTATING COUNT I** |

  On July 13, 2021, this Court dismissed Count I of Plaintiff Sefo Fatai's Second Amended Complaint, Dkt. No. 101 ("SAC"), finding it to be redundant of Count III. Dkt. No. 127 ("July Order"). Count I claims a violation of Fatai's Fourth Amendment right against seizure without probable cause, and Count III claims a violation of Fatai's Fourteenth Amendment right to due process. Both counts are based on allegations that Defendants Mark Ramos and Fumikazu Muraoka falsified testimony and suppressed exculpatory evidence, causing Fatai's wrongful incarceration and prosecution.

  Fatai now asks the Court to rescind its July dismissal of Count I. Dkt. No. 220. Fatai contends that the U.S. Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), constitutes an intervening change in law by clarifying the applicable elements of Fatai's Fourth Amendment claim, showing it

1

is not redundant of his Fourteenth Amendment claim. In opposition, Defendants contend that *Thompson* did not change the law relied on by the July Order and that Fatai is simply recycling old arguments previously rejected by this Court. In doing so, Defendants assert that Fatai's reconsideration request is untimely. *See* LR 60.1 (requiring motions for reconsideration brought on the basis of manifest error to be filed within 14 days of the relevant order).

The Court now holds that Counts I and III are not, *and were never*, redundant. The U.S. Supreme Court and Ninth Circuit recognized a Fourth Amendment claim for detention without probable cause well before *Thompson* did. *See, e.g.*, *Albright v. Oliver*, 510 U.S. 266 (1994); *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). This claim is distinct from any Fourteenth Amendment claim—it is rooted in a different constitutional provision and, more importantly, has different essential elements. Thus, even though Counts I and III depend on the same or similar facts for proof, a plaintiff may plead and prove both. *See* Fed. R. Civ. P. 8(d)(2).

Although the Court agrees with Defendants that *Thompson* does not constitute an intervening change in law for purposes of LR60.1—since binding precedent recognized Fatai's right to plead Count I when the July Order was written and before *Thompson* was decided—the Court may nonetheless revisit its July Order *sua sponte* at this stage of the proceedings. *See Amarel v. Connell*, 102

F.3d 1494, 1515 (9th Cir. 1996) (providing the Court discretion to reconsider and/or modify interlocutory orders "at any time prior to final judgment"). It elects to do just that to avoid manifest injustice. Fatai's motion for reconsideration is hereby GRANTED, and Count I is reinstated.

## LEGAL STANDARD

Motions for reconsideration of interlocutory orders are governed by Rule 60 of the Federal Rules of Civil Procedure and Local Rule 60.1. Such motions are generally disfavored. LR 60.1. They may only be brought on three grounds: (a) discovery of new evidence, (b) intervening change in law, and (c) manifest error of law or fact. *Id.* They may not repeat arguments already made "unless necessary to present one or more of the permissible grounds for the reconsideration request." *Id.* And time limits apply: if a motion is asserted on the basis of manifest error, it must be brought within 14 days of the relevant order, *id.*; if asserted on any other ground, it must be brought within "a reasonable time." Fed. R. Civ. P. 60.

That said, "interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment." *Amarel*, 102 F.3d at 1515. Reconsideration may be granted for reasons including "mistake," "inadvertence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6); *see also Sierra Club, Haw. Chapter v. City & Cnty. of Hon.*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) (citing *Liberty Mut. Ins.*

*Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence."); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . ."); *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

## RELEVANT BACKGROUND[1]

### I.     First Dismissal of Count I on Grounds of Redundancy in March 2021

On September 14, 2020, Fatai filed his First Amended Complaint ("FAC"), Dkt. No. 44, alleging that Defendants arrested, detained, and prosecuted him without probable cause based on deliberately false and misleading evidence, leading to four trials over seven years and three years' incarceration until the case against him was ultimately dismissed.[2]  As relevant here, Count I of the FAC claimed Defendants' actions violated Fatai's Fourth Amendment[3] right against unreasonable seizure for "illegal detention and prosecution," and Count III claimed

---

[1] A detailed factual background is set forth in prior orders.  *See, e.g.*, July Order at 2–7.
[2] Fatai's original Complaint was filed on December 17, 2019.  Dkt. No. 1.  The alleged law enforcement misconduct took place between 2011 and 2018.  *Id.*
[3] The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures."  U.S. CONST. amend. IV; *Mapp v. Ohio*, 367 U.S. 643 (1961) (rendering the Fourth Amendment's protections applicable to the states).

4

the same actions violated his Fourteenth Amendment[4] right to due process under *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014) and *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc).[5]

On October 19, 2020, Defendants filed a motion to dismiss Count I of the FAC, asserting that the Fourteenth Amendment did not provide a cause of action for detention without probable cause. Dkt. No. 48 at 8–9. Defendants labeled the claim "illegal detention and malicious prosecution." *Id.* at 8. In response, Fatai clarified that Count I was rooted in the Fourth, not the Fourteenth, Amendment and likened the claim to that recognized in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) and *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Dkt. No. 72 at 11, 11 n.1. Fatai did not wed himself to any particular label for his claim. *See id.* (calling it a "Fourth Amendment Detention Claim" that is "sometimes characterized" as malicious prosecution or detention without probable cause).

On March 18, 2021, the Court dismissed Count I, holding it was "redundant" of Count III because of "significant overlap" between the detention-without-probable-cause claim and the *Tatum* and *Devereaux* claims.[6] Dkt. No. 99 ("March

---

[4]The Fourteenth Amendment's Due Process Clause precludes the states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.
[5]Counts I and III were brought pursuant to 42 U.S.C. § 1983.
[6]The Court also discussed the way Fatai labeled the claim. The Court stated that Count I "suggest[ed] two separate claims: (1) detention absent probable cause; and (2) malicious

Order") at 21.  *Tatum* and *Devereaux*, respectively, centered on Defendants' suppression of exculpatory evidence and falsification of evidence, each resulting in deprivation of liberty without due process of law.  Count I centered on the same behavior, resulting in prosecution and detention without probable cause.  *See id.* at 24–27.  Fatai was granted leave to amend to explain how Count I was "intended to be something different, and not redundant."  *Id.*

## II.   Second Dismissal of Count I on Grounds of Redundancy in July 2021

On April 7, 2021, Fatai filed his Second Amended Complaint ("SAC"), again including his Fourth Amendment claim in Count I.  In an effort to show that Count I was not redundant of Count III, Fatai explained that it had "different elements and standards of proof than Due Process claims, even if the type of misconduct [wa]s similar."  *Id.* at 43 n.3.

> Because a "plaintiff is generally entitled to plead alternative or multiple theories of recovery on the basis of the same conduct on the part of the defendant," *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 819 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(d)(2)) . . . , and because a complaint need not parse legal theories, *Sagana v. Tenorio*, 384 F.3d 731, 736–37 (9th Cir. 2004), this Count should not be dismissed as "redundant."

*Id.*

---

prosecution," and then noted that it was addressing "only the unlawful detention claim."  March Order at 20.

6

On April 21, 2021, Defendants moved to dismiss Count I of the SAC because it was still "redundant and duplicative of Count III" and, in the alternative, because it had not been adequately pled. Dkt. No. 105-1 at 2, 10–12.[7] In response, Fatai maintained that he was allowed to plead both claims:

> [T]hey arise under different constitutional provisions. A single act can violate multiple parts of the constitution simultaneously. *McDonough v. Smith*, 139 S. Ct. 2149, 2155 n.2 (2019) (citing *Soldal v. Cook Cnty.*, 506 U.S. 56, 70 (1992) ("Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands.")).

Dkt. No. 120 at 9–14. Fatai also reiterated that the claim could be interchangeably labeled judicial deception, malicious prosecution, or detention absent probable cause, while maintaining that "the dispositive point [was that] the SAC ha[d] stated an actionable legal claim under the Fourth Amendment." *Id.* at 11.

On July 13, 2021, the Court again dismissed Count I, stating, "[D]etention absent probable cause[] . . . is not a distinct, recognized claim requiring different proof from Count III and is therefore redundant." July Order at 9. The Court continued:

> While the Court agrees that *Manuel* grounded a "detention absent probable cause" claim in the Fourth Amendment, . . . given the circumstances presented, . . . it makes no difference whether the Court considers [that] claim under the Fourth or Fourteenth Amendment . . . . Because both claims center on falsified reports and

---

[7]Defendants cited *Kim v. City of Belmont*, 2018 WL 4050745 at *9 (N.D. Cal. Aug. 23, 2018), as a case that dismissed a Fourth Amendment malicious prosecution claim as redundant of a Fourteenth Amendment *Devereaux* claim.

7

> undisclosed exculpatory evidence, the showing necessary to establish the claims is the same. Nothing the Supreme Court or Ninth Circuit has said to date suggests otherwise.

*Id.* at 18–19.

### III.  *Thompson*

On April 4, 2022, the U.S. Supreme Court decided *Thompson v. Clark*, 142 S. Ct. 1332 (2022). There, the plaintiff had brought a Fourth Amendment claim for malicious prosecution after he was charged and detained pursuant to state criminal proceedings, and the charges against him were dismissed without explanation. *Thompson v. Clark*, 364 F. Supp. 3d 178 (E.D.N.Y. 2019). The District Court for the Eastern District of New York dismissed the malicious prosecution claim, holding that one of the claim's elements, "favorable termination of the underlying criminal prosecution," required a showing of an affirmative indication of innocence, something the plaintiff had not alleged. *Id.* at 195.

In a 6-3 opinion, the Supreme Court reversed. The *Thompson* Court began by confirming that the Fourth Amendment housed Thompson's claim, *see* 142 S. Ct. at 1337 (citing to *Manuel* and *Albright*), and by explicitly labeling that claim "malicious prosecution." *Ibid.* Analogizing Thompson's Fourth Amendment claim to the common law tort of malicious prosecution, the Supreme Court then held that the favorable termination element required only a showing that the

8

prosecution ended without a conviction, not an affirmative indication of innocence. *Id.* at 1341.

## IV.   The Instant Motion for Reconsideration

On May 12, 2022, Fatai filed the instant Motion for Reconsideration, asking the Court to reconsider its July 2021 dismissal of Count I, in light of *Thompson*. Dkt. No. 220. Fatai contends that *Thompson* constitutes intervening authority by "confirm[ing] that a Fourth Amendment 'malicious prosecution'-type of claim is an appropriate label to use," by clarifying that the claim's elements are distinct from the *Tatum* and *Devereaux* claims' elements, and by generally "shed[ding] light on the contours" of the claim. *Id.* at 1, 7; Dkt. No. 232 at 2–3.[8]

In opposition, Defendants assert that *Thompson* is not on-point and, therefore, does not constitute intervening authority:

> Even if *Thompson* clarified the requirements for a Fourth Amendment malicious prosecution claim, the case does not indicate a newly defined claim for detention absent probable cause, unrecognized at the time of the July 13, 2021 Order.

Dkt. No. 229 at 5. Defendants continue: Fatai is simply "recycling . . . arguments that this Court [previously] found unpersuasive," making his motion "more properly deemed an untimely request for reconsideration on the basis of a

---

[8] In explaining his position, Fatai also reiterates arguments from past briefs. *See, e.g.*, Dkt. No. 220 at 7 (explaining that Counts I and III involve "different legal theories"); *ibid.* at 8 n.3 (noting that *Manuel* and *Albright* already provided authority for the Fourth Amendment claim); *ibid.* at 10–11 (arguing that plaintiffs are allowed to plead multiple theories based on the same misconduct).

9

'manifest error of law.'" *Id.* at 6; *see* LR 60.1 (prohibiting repeat arguments and requiring motions based on manifest error to be filed within 14 days of the relevant order). Defendants request denial of Fatai's motion on that basis. This matter has been fully briefed, and the Court elects to decide it without a hearing. *See* LR 7.1(d).

## DISCUSSION

**I.  Count I is not, and was never, redundant of Count III.**

Contrary to this Court's prior holdings, *see* March Order at 21; July Order at 9, and as demonstrated in the two factually analogous Supreme Court cases discussed below, Fatai's Fourth Amendment claim is a "recognized claim" that is wholly distinct from his Fourteenth Amendment substantive due process claims.

*Albright v. Oliver*, 510 U.S. 266 (1994), held that the Fourth Amendment, as opposed to substantive due process, housed a claim for prosecution without probable cause in a case where a police detective deliberately falsified testimony and suppressed facts in order to secure the plaintiff's indictment. *See* 510 U.S. at 271 (Rehnquist, J., four-justice plurality opinion) ("We hold that it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged."); *ibid.* at 288 n.2 (Souter, J., concurring) (citing *Gerstein v.*

10

*Pugh*, 420 U.S. 103 (1975), for the proposition that the Fourth Amendment governs the parameters for this sort of pretrial liberty deprivation).[9]

Likewise, *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), held that a plaintiff could challenge, on Fourth Amendment grounds, his seven-week imprisonment where the judge relied on completely fabricated evidence to support a finding of probable cause:

> The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements.

*Id.* at 918. The *Manuel* Court declined to label the claim as "malicious prosecution" or to outline its elements, leaving those tasks to the Seventh Circuit. *See* 137 S. Ct. at 914–15. On remand, the Seventh Circuit labeled the claim a "plain-vanilla Fourth Amendment claim," refusing to adopt the term "malicious prosecution" or the common law tort's associated history and elements. *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

Fatai's Fourth Amendment claim for "illegal detention and prosecution" fits squarely within the category of "plain-vanilla Fourth Amendment claim[s]"

---

[9] *See also Manuel*, 137 S. Ct. at 928 (Alito, J., dissenting) ("All that th[e *Albright*] Court held was that Albright's claim had to be analyzed under the Fourth Amendment, not substantive due process.").

recognized in *Albright* and *Manuel*. Thus, it is—and has been—a "recognized" claim. *See* July Order at 9.

Furthermore, this claim is distinct from Count III's claims. It stems from a different constitutional provision, and it has different essential elements.[10] As Fatai has maintained from the start, there is no authority for dismissing one claim just because the same facts occasion other claims. *See Soldal*, 506 U.S. at 70; Fed. R. Civ. P. 8(d)(2).

## II. The Fourth Amendment claim in Count I is adequately pled.

Having determined that the Fourth Amendment claim is not redundant, the Court also evaluates whether the facts alleged are sufficient to state a Fourth Amendment claim. *See* Dkt. No. 105 at 2, 10–12.

Rule 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule

---

[10]Even after *Thompson*, the elemental breakdown of this claim remains somewhat cloudy. *See Thompson*, 142 S. Ct. at 1346 (Alito, J., dissenting) ("The Court endorses a Fourth Amendment claim for malicious prosecution that appears to have the following elements: (1) the defendant 'initiat[ed]' charges against the plaintiff in a way that was 'wrongful' and 'without probable cause,' (2) the 'malicious prosecution resulted in a seizure of the plaintiff,' and (3) the prosecution must not have ended in conviction."); *but see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'") (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). Either way, it is clear that the elements of the Fourth Amendment claim differ from those of *Tatum* or *Devereaux* claims—for one thing, it is undisputed that the Fourth Amendment claim requires detention or prosecution without probable cause, whereas the due process claims say nothing about probable cause. *See* July Order at 20, 23 (stating the elements of the *Tatum* and *Devereaux* claims).

8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–887 (9th Cir. 2018) (quotation omitted).  The purpose of the federal pleading rules is to put the "other side on notice as to what is at issue in the case." *Am. Timber & Trading v. First Nat'l Bank*, 690 F.2d 781, 786 (9th Cir. 1982).

In order to prove Count I, Fatai must plausibly allege that the prior proceedings (1) were instituted without probable cause and (2) with malice, and (3) were terminated in the plaintiff's favor.  *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066; *Wong v. Cayetano*, 143 P.3d 1, 18 (Haw. 2006).  Malice exists if "the 'motive in instituting' the suit . . . [was] without probable cause and for a purpose other than bringing the defendant to justice." *See Thompson*, 142 S. Ct. at 1338.

Fatai has plausibly pled each element.  He claims that the charges against him were based entirely on deliberately false, coerced, and/or misleading affidavits and reports. *See* SAC at ¶¶ 105, 120–124, 132, 145–149.  If true, these allegations

13

could plausibly show that Defendants knew Fatai to be innocent and, thus, that they instigated the criminal proceedings without probable cause and for some purpose other than bringing Fatai to justice. *See Thompson*, 142 S. Ct. at 1338; *see also* July Order at 21 n.12 ("[T]he Court assumes for purposes of this motion that Defendants' withholding and falsifying evidence contributed to the ongoing prosecution and eventual pretrial detention."). The SAC also alleges that the case against Fatai was dismissed with prejudice, SAC ¶ 2, which satisfies the favorable termination element. *See Thompson*, 142 S. Ct. at 1341. Because Count I has been plausibly pled, it survives Defendants' latest motion to dismiss, Dkt. No. 105, and is hereby reinstated.

**III.    The Court's prior orders do not preclude reinstatement of Count I.**

The Court agrees with Defendants that *Thompson* does not constitute intervening authority here and thus does not provide a timely basis for reconsideration under the Local Rules. *See* Dkt. No. 229 at 5. Fatai's "plain-vanilla Fourth Amendment claim" is based on pre-*Thompson* authority. *Thompson*'s principal holding—that no finding of innocence is necessary to maintain a malicious prosecution claim—was not the basis of this Court's dismissal of Count I, and *Thompson* says nothing about the "redundancy" that was the basis of this Court's prior dismissal. It is also true that, in seeking reconsideration, Fatai asks the Court to revisit old arguments in his motion, which

14

is not permitted by Rule, except as necessary to present otherwise permissible grounds.  *See* LR 60.1.

Nevertheless, persistent debate over labeling of this claim—in the parties' papers, in this Court's March and July Orders, and in the relevant Supreme Court case law— might have misled Fatai about the basis for the Court's redundancy decision.[11]  *Thompson* did resolve the labeling question.  *See* 142 S. Ct. at 1337 (equating malicious prosecution with "unreasonable seizure pursuant to legal process").

Moreover, labeling aside, the Court elects to grant the motion in the interests of justice.  Potential procedural infirmity—*e.g.* non-compliance with a local rule's timing requirements—pales in comparison to the loss of a properly plead constitutional claim that has elements distinct from any other claim alleged by

---

[11]Proper labeling of the Fourth Amendment claim was a central point of contention in the parties' papers and the Court's orders.  *See, e.g.*, Dkt. No. 48 at 8–9; Dkt. No. 72 at 11 n.1; March Order at 20 (stating that Count I "suggest[ed] two separate claims: (1) detention absent probable cause; and (2) malicious prosecution," and addressing "only the unlawful detention claim"); SAC at 43 n.3; Dkt. No. 120 at 11; July Order at 9, 18 (stating that Count I is not a "recognized" claim, even though *Manuel* "grounded a 'detention absent probable cause' claim in the Fourth Amendment).  Supreme Court and Courts of Appeal cases, too, are rife with such debate.  *See, e.g.*, *Manuel*, 137 S. Ct. at 921, 921 n.9 (discussing the claim as "detention without probable cause" while explicitly refusing to decide whether the claim "resemble[d] the malicious prosecution tort" but noting that eight out of ten circuits had found it to do so); *Thompson*, 142 S. Ct. at 1341, 1345 n.\* (Alito, J., dissenting) (accusing the majority of conflating the plain-vanilla Fourth Amendment claim with malicious prosecution and acknowledging the labeling confusion in the Court's precedents).  *Also compare, e.g.*, *Albright*, 510 U.S. at 296–97 (Stevens, J., dissenting) (explicitly referring to the tort of malicious prosecution and pointing out that under *Dinsman v. Wilkes*, 53 U.S. 390, 402 (1852), a suit for malicious prosecution lies "where a legal prosecution has been carried on without a probable cause") *with, e.g., ibid.* at 289 (Kennedy, J., concurring) (labeling the claim as "freedom from the initiation of a baseless prosecution").

Fatai. Additionally, Defendants will not be prejudiced by inadequate time to perform discovery on the newly-reinstated Count I, since, as they acknowledge, the facts needed to prove each count are identical.[12]

## CONCLUSION

For the reasons set forth herein, Fatai's Motion for Reconsideration, Dkt. No. 220, is GRANTED, and Count I of the SAC, Dkt. No. 101, is reinstated.[13]

IT IS SO ORDERED.

DATED: July 11, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Sefo Fatai v. City & County of Honolulu, et al*; Civil No. 19-00603 DKW-WRP; **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REINSTATING COUNT I**

---

[12] If inadequate discovery time proves to be a challenge under the Court's current pretrial order, the Court is prepared to accommodate an appropriately limited extension request.

[13] In light of reinstatement, should Defendants wish to amend their answer accordingly, they are granted leave of 14 days to do so.