IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SEFO FATAI,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK RAMOS and FUMIKAZU MURAOKA, in their individual capacities,<br><br>    Defendants. | Case No. 19-cv-603-DKW-WRP<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO CERTIFY APPEAL AS FRIVOLOUS, (2) DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AS MOOT, AND (3) STAYING PROCEEDINGS** |

Defendants Mark Ramos and Fumikazu Muraoka have filed an interlocutory appeal of this Court's denial of their motion for summary judgment on Plaintiff Sefo Fatai's federal law-based claims. The parties agree that this appeal, if not deemed frivolous, deprives this Court of jurisdiction over those claims. In that light, Defendants now move to stay the balance of the proceedings in this Court, which concern related state law-based claims, Dkt. No. 320, and Plaintiff moves to certify the appeal as frivolous. Dkt. No. 322.

As explained below, the Court DENIES the latter motion because, although, in this Court's view, the appeal is meritless, at least one of Defendants' appellate arguments does not rise to the level of frivolity. Further, given that Plaintiff does

1

not oppose a stay if the appeal is not deemed frivolous, the Court considers the former motion to be moot and ORDERS the imposition of the requested stay.

## RELEVANT BACKGROUND[1]

On October 13, 2022, Defendants moved for summary judgment on all remaining claims in this case. Dkt. No. 271. After briefing and hearing, the Court denied the motion on March 7, 2023.[2] Dkt. No. 311. Two days later, Defendants filed an interlocutory appeal of the denial as to the federal law-based claims. Defendants assert that the Ninth Circuit has jurisdiction to hear this interlocutory appeal pursuant to 28 U.S.C. § 1291, thus depriving this Court of jurisdiction over the federal law-based claims until the appeal has been decided. On March 30, 2023, Defendants moved this Court to stay the proceedings on the remaining state law-based claims.[3]

On April 11, 2023, Plaintiff filed a Motion to Certify the Defendants' Appeal as Frivolous, contending that the five anticipated arguments on appeal are not proper for consideration at this interlocutory juncture under 28 U.S.C. § 1291

---

[1] A more complete factual and procedural background for this case can be found in the Court's order denying summary judgment, Dkt. No. 311.

[2] The federal law-based claims are: (Count I) Malicious Prosecution under Federal Law; (Count II) Illegal Seizure of Fatai's Lexus; and (Count III) Due Process Violations under *Tatum*, *Devereaux*, and *Brady*. The state law-based claims are: (Count VII) Intentional Infliction of Emotional Distress; (Count IX) Civil Conspiracy; (Count X) Malicious Prosecution under State Law; and (Count XI) Abuse of Process. *See* Dkt. No. 311 at 28–29.

[3] Trial is currently scheduled for July 24, 2023, with pre-trial filings and conferences set in accordance with the operative Third Amended Rule 16 Scheduling Order, Dkt. No. 282.

and that this Court therefore possesses jurisdiction over all of Fatai's claims, including those federal law-based claims that are the subject of Defendants' appeal. Dkt. No. 322.

On April 17, 2023, each party opposed the other's motion, Dkt. Nos. 324–25, and on April 24, 2023, each party replied. Dkt. Nos. 327–28. The Court elected to decide both matters without a hearing pursuant to LR 7.1(c), *see* Dkt. No. 329, and this Order follows.

## **DISCUSSION**

### I.      **Legal Standards**

The federal courts of appeals have jurisdiction over appeals "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Thus, typically, denials of summary judgment by district courts—which are not final decisions—are not immediately appealable by the losing party. However, under the collateral order doctrine, there is a "small class" of cases for which immediate appeal of interlocutory orders is permitted. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). In those cases, a district court is automatically divested of jurisdiction over the affected claims until the appeal is resolved. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). But this doctrine is deliberately narrow in scope. As the Supreme Court has explained:

> The conditions [for collateral order appeal] are "stringent," and unless they are kept so, the underlying doctrine will overpower the

3

substantial finality interests § 1291 is meant to further: judicial efficiency, for example, and the "sensible policy 'of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise.'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1940)).

Accordingly, we have not mentioned applying the collateral order doctrine recently without emphasizing its modest scope. *See, e.g.*, *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) ("[T]he 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered. . . ."). And we have meant what we have said; although the Court has been asked many times to expand the "small class" of collaterally appealable orders, we have instead kept it narrow and selective in its membership.

*Will v. Hallock*, 546 U.S. 345, 349–50 (2006) (some citations omitted).

One class of cases covered by this narrow doctrine concerns the denial of a defendant's claim of qualified immunity—"to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that such a denial is a "final decision" within the meaning of 28 U.S.C. § 1291, "notwithstanding the absence of a final judgment").[4] As more recently explained, while the federal

---

[4]Qualified immunity entitles a government official to summary judgment in his favor unless a plaintiff can show there is a genuine dispute of material fact: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Under the second prong, the official is entitled to immunity at the summary judgment phase unless the plaintiff shows that, taking the genuinely disputed material facts in the plaintiff's favor, the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known" at the time of the violation. *Harlow*, 457 U.S. at 818. The reason the collateral order doctrine allows interlocutory appeal on this question is that qualified immunity is "an *immunity from suit* rather than a mere

courts of appeals "have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, . . . [they] do[] not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997). Put another way, a losing party may appeal a district court's determination as to the second prong of qualified immunity, having accepted the court's factual findings; it may not abuse the collateral order doctrine by asking a court of appeals to reconsider a district court's factual findings, thus, among other things, delaying the proceedings.

Given this backdrop, if a district court determines, in appropriate cases, that an appeal is not permitted by 28 U.S.C. § 1291 or the collateral order doctrine, the district court may find the appeal to be (i) frivolous or (ii) waived, in which case it retains jurisdiction over the affected claims. *Chuman*, 960 F.2d at 105. An argument on interlocutory appeal is considered frivolous if it is "wholly without merit," if "the results are obvious" or "beyond dispute," or if the appeal is "so baseless . . . [and] the disposition is so plainly correct that nothing can be said on the other side." *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir.

---

defense to liability. . . . [Therefore,] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526 (emphasis in original).

1991); *George v. City of Morro Bay*, 322 F.3d 586, 591 (9th Cir. 2003); *Carillo v. Cnty. of L.A.*, 2013 WL 12124087 at *2 (C.D. Cal. Jan. 7, 2013); *Harris v. City of Tulare*, 2022 WL 7693164 at *2 (E.D. Cal. Oct. 13, 2022) (citation omitted). An argument on appeal is considered waived if it was not previously asserted in a manner such that the other party had an opportunity to respond. *See United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991) ("Issues not presented to the trial court cannot generally be raised for the first time on appeal. . . . It would be unfair to surprise litigants on appeal by final decision of an issue on which they had no opportunity to introduce evidence.") (internal quotation marks and citation omitted).

## II. Application

Defendants identify five issues on appeal of this Court's March 7, 2023 order denying summary judgment:

(1) this Court erred in holding that Fatai's waiver of the issue of probable cause, along with the multiple findings of probable cause throughout Fatai's state criminal proceedings, were not "binding" on this Court;

(2) this Court erred by determining that relevant statutes of limitations had expired;

(3) this Court erred in not requiring Fatai to point to "more persuasive evidence," in light of the implausibility of Fatai's version of events;

(4) this Court erroneously found that Defendants' actions caused Fatai's injuries; and

6

>   (5) this Court erred by failing to conduct a qualified immunity analysis in its Order, and Defendants are entitled to qualified immunity.

*See* Dkt. No. 322 at 4–5; *see generally* Dkt. No. 325 (describing these five arguments but reserving the right to bring others during appellate proceedings). Fatai contends that each of these issues is either frivolous or has been waived.

In this Court's view, all of the issues identified by Defendants lack merit. In particular, although Defendants disingenuously describe several of them as issues of law, they involve principally factual challenges that are not appropriate for interlocutory review. Additionally, several of them involve blatant and pervasive misrepresentation of the March 7, 2023 order's findings and reasoning. This Court is confident that the Ninth Circuit will give these challenges the response they deserve. Nonetheless, while meritless, Defendants' appeal cannot be deemed frivolous because the results of Defendants' fifth argument are not "obvious." The Court will confine the bulk of its discussion herein to this fifth argument.[5]

---

[5]To lend a bit of color to at least one of the other four arguments posed by Defendants, the Court singles out Defendants' claim that this Court should have measured Fatai's factual assertions using the "more persuasive evidence" standard. First, this evidentiary standard only appears to apply if Fatai's version of events was implausible—a factual question this Court already decided in Fatai's favor based on substantial evidence in the record. *See, e.g.*, Dkt. No. 311 at 34, 34 n.31, 9 n.13, 34 n.32, 20. Second, this argument presents a primarily factual, not legal, question inappropriate for interlocutory review. Third, Defendants appear to believe that implausibility is shown by "everyone" on the law enforcement side taking a factual view contrary to that of Fatai alone. On summary judgment, the Court does not weigh credibility, nor does it reject one side's view merely because it is contrary to the testimony of a greater number of witnesses. The Court predicts that this argument will have no traction at the appellate level, with the others meeting a similar fate.

7

Defendants claim this Court erred by failing to conduct a qualified immunity analysis in its March 7, 2023 order, and that they are entitled to qualified immunity because Fatai has not shown that Defendants' actions violated rights that were "clearly established" at the time of the violation. *See Harlow*, 457 U.S. at 818.

In his Motion to Certify, Fatai first contends that Defendants waived this argument by failing to adequately present it on summary judgment. Fatai is correct that, in making this argument, Defendants have consistently refused to accept the disputed facts in the light most favorable to Fatai. More precisely, Ramos and Muraoka have never explicitly claimed it was not "clearly established" in 2011 that it was unconstitutional for them to, among other things: (1) omit from their warrant and reports that they had conducted a fruitless search of Fatai's vehicle following the August 24, 2011 controlled operation; (2) falsely claim in their warrant and reports that their confidential informant ("CI") had notified them about the weight discrepancy of the methamphetamine stemming from the controlled operation, when she had not so notified them; (3) lie in their warrant and reports about the existence and/or thoroughness of their searches of the CI before and after the controlled operation and the level of surveillance maintained over the CI during the operation; (4) lie in their warrant and reports about their CI's general reliability, including by falsely stating that Ramos had used the CI for six months when he had not, and by omitting information that would have impeached the CI's

credibility; and (5) ultimately proceed with their attestations supporting Fatai's prosecution, despite knowing he was likely innocent.  Instead, Defendants have persistently confined their principal substantive arguments to disputing these underlying facts themselves.[6]

However, Defendants did not *waive* their qualified immunity argument.  No matter how little emphasis *both* parties placed on this general issue in their briefs and at January 6, 2023's oral argument, much less the specific concern with "clearly established" law, Defendants clearly put Fatai on notice that they intended to preserve the argument.  *See, e.g.*, Dkt. No. 271 at 13, 15, 18, 20, 22.  Parties are not required to brief their arguments perfectly in order to avoid waiver.

Nor is the qualified immunity issue frivolous.  As a preliminary matter, to be clear, it is this Court's opinion that Fatai carried his burden of showing that, taking the disputed facts in the light most favorable to Fatai, the officers' decisions to participate in his prosecution with deliberate indifference to his innocence, to suppress highly exculpatory evidence, and to fabricate, embellish, and/or manipulate evidence in their documents supporting probable cause violated Fatai's constitutional rights that were "clearly established" in 2011.  *See* Dkt. Nos. 72 at

---

[6]And they continue to do so.  For instance, as Fatai points out, Defendants even now represent their intention to base their qualified immunity argument on appeal on their claims that there *were* no false statements in the police reports and that the officers *never* performed a search of Fatai's vehicle on August 24, 2011—facts this Court has already found to be genuinely in dispute.  *See* Dkt. No. 328 at 9 (citing Dkt. No. 325 at 17).  Defendants see only their version of events and close their eyes to Fatai's evidence to the contrary.

10; 278 at 3–4; 322 at 21 (Fatai's various briefs responsive to Defendants' qualified immunity argument, including providing cases).[7]

However, Defendants' argument to the contrary is not frivolous because the results are not "obvious" or "beyond dispute." *See George*, 322 F.3d at 591; *Carillo*, 2013 WL 12124087 at *2. First of all, Defendants are correct that the Court did not discuss this issue in its March 7, 2023 order with regard to each surviving claim. Second, it is conceivable that the Ninth Circuit, particularly given recent Supreme Court precedent (not cited by Defendants) regarding the "clearly established law" prong of qualified immunity, could find for Defendants:

> [W]e have stressed the need to identify a case where an officer acting under similar circumstances . . . was held to have violated the [Constitution]. While there does not have to be "a case directly on point," existing precedent must place the lawfulness of the particular arrest "beyond debate." Of course, there can be the rare "obvious case," where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances. But "a body of relevant case law" is usually necessary to "'clearly establish' the answer" . . . .

*Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (some internal quotation marks and citations omitted).

Here, it is not "beyond dispute" that either there is "a body of relevant case law" with factual scenarios similar to this one at a low-enough level of generality

---

[7] *See also* Dkt. No. 127 (denying Defendants' motion to dismiss, brought in part on the basis of qualified immunity); Dkt. No. 311 (implicitly rejecting Defendants' qualified immunity argument by holding against them and describing cases that show Fatai's pertinent rights were clearly established in 2011).

to satisfy this standard, or that this is one of the "rare, 'obvious case[s]'" in which the "unlawfulness of the officer[s'] conduct is sufficiently clear even though existing precedent does not address similar circumstances." *See id.*; *Carillo*, 2013 WL 12124087 at *2. Neither the parties in their summary judgment briefing nor this Court has performed an in-depth analysis that compares the facts of any cases to the ones at issue here, such that the Court's disposition is "so plainly correct that nothing can be said on the other side." *See Harris*, 2022 WL 7693164 at *2.[8] Defendants' argument is therefore not frivolous.

## **CONCLUSION**

For the foregoing reasons, the Motion to Certify Defendants' Appeal as Frivolous, Dkt. No. 322, is DENIED. Accordingly, and because Fatai concurs that the remaining claims in this case should be stayed in the event of the denial of his Motion to Certify, *see* Dkt. No. 324 at 6–8, the Court both STAYS further litigation in this action, pending the resolution of Defendants' interlocutory appeal, and DENIES Defendants' Motion to Stay Proceedings AS MOOT. The parties are

---

[8]And neither party moved for reconsideration or clarification of the Court's March 7, 2023 order.

directed to notify the Court within seven (7) days of any substantive decision on appeal.

       IT IS SO ORDERED.

       DATED: May 10, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Sefo Fatai v. Mark Ramos, et al*; Civil No. 19-00603 DKW-WRP; **ORDER (1) DENYING PLAINTIFF'S MOTION TO CERTIFY APPEAL AS FRIVOLOUS, (2) DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AS MOOT, AND (3) STAYING PROCEEDINGS**